FREDERICK T. JELIN
11870 Santa Monica Blvd.
Suite 106-516
Los Angeles, CA  90025
Email: FTJLaw@gmail.com
310-498-7713

Frederick T. Jelin, In pro per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Disciplinary Matter of<br><br>Frederick T. Jelin<br><br>California State Bar # 105785 | Case No.: 214:14-mc-00447-GHK<br><br>**RESPONSE TO ORDER TO SHOW CAUSE**<br>**REQUEST FOR AN EXTENTION TO FULLY RESPOND;**<br>**DECLARATION IN SUPPORT THEREOF** |

BACKGROUND AND PROCEDURAL HISTORY

This is a matter of reciprocal discipline.  The Supreme Court of California issued a 90 day suspension, effective April 23, 2014 and therefore eligible for reinstatement on July 23, 2014.

This Court issued an OSC on June 20th, 2014.  Since 30 days from that date would fall on a weekend, the response was due, calculating 30 days from the date of the order, on Monday, July 21, 14.

GENERAL PRINCIPLES

**Reciprocal discipline:** Suspension or disbarment from practice in the Ninth Circuit may be based on an order of suspension or disbarment "in any other court." This includes suspension or disbarment imposed by the State Bar through the California Supreme Court. [FRAP 46(b)(1)(A); *Gadda v. Ashcroft*, supra, 377 F3d at 943]

The Ninth Circuit is not bound by the California state court's discipline decision but generally will defer to it. "We independently examine the State Bar Court's proceeding ... We will extend great deference to the state court's determination unless our independent review reveals one of the following conditions: (1) a lack of due process; (2)

insufficient proof of attorney misconduct; or (3) some other grave reason exist[s] that should prevent the court from recognizing the state court's determination." [*Gadda v. Ashcroft*, supra, 377 F3d at 943 (internal quotes and citations omitted)]

## REQUEST FOR A CONTINUANCE TO FILE A FULL RESPONSE

The undersigned requests time to fully collect documentation and respond fully to this. Additional time is needed to obtain the underlying documents, including the court record and the record of the underlying proceedings in the State Bar Court of California.

The OSC was sent via mail no earlier than the postmarked date of June 24, 2914. It was not served electronically. Respondent does not know the exact day that it was received by mail at his mailing address, however, he did not personally receive it until after the July 4th weekend, no earlier than July 7th, 2014.

This discipline by the California State Bar was based on a lack of due process. On information and belief, there has never been a case in which such a minor infraction was elevated to this level of discipline, or any public discipline at all.

Brief overview: The California lawyer, Frederick T. Jelin (hereinafter referred to as "Member") was falsely arrested for trespassing, and disturbing the peace. This was a "private person's arrest" also known as a "citizen's arrest". In other words, the basis for this arrest was not anything observed by the police, or based on information gathered by the police. It was based purely on a private person's direction that an arrest be made. This is undisputed. The member was not guilty of the charges of the arrest. Those charges never had any basis, and were dropped by the prosecutor. However, the prosecutor had already become invested in the case, and invested in the relationship with the private person making the arrest (United Airlines) and due to that relationship continued prosecuting this as a resisting arrest. In short, there was a citizen's arrest for unsupported charges, where the defendant-Member was innocent and still was prosecuted for not cooperating quickly enough with an arrest on false charges. The facts will also show that the resisting was no more than asking for an opportunity to explain his side of the story, and the momentary delay caused by that request.

As will be shown, this was part of a practice by United Airlines to arbitrarily remove passengers who appeared to be suspicious for being possibly middle eastern. United Airlines had already been enjoined from continued this conduct. *Bayaa v. United Airlines*, 2002, 249 F. Supp. 2d 1198.   This was a violation of that injunction.

The *Bayaa* case was brought by the ACLU here in Los Angeles.  The Member has spoken with the primary ACLU attorney for that case, and he has expressed interest in participating in this disciplinary action.  There is a substantial possibility that the ACLU will file amicus papers in conjunction with this case.

Members intends to show that this was an exercise of a First Amendment right. Furthermore, the State Bar taking this matter up as a disciplinary proceeding was inconsistent with the attorneys' expectations as one who speaks up against prejudice and bias.  Member intends to show that the State Bar Court disregarded their own procedures and acted without standards, in a post 9-11 attempt to clamp down against anyone suspected of being an airplane terrorist.  Member was not a terrorist, and no evidence has been presented to show that.  The California State Bar Court does not contend that Member was a terrorist but treated the suspicion as sufficient to discipline him.

The California State Bar has not claimed that Member did anything inappropriate in his practice of law (at this time or at any time in his 32 years of being an attorney).  But claims that since attorneys are held to a higher standard, that conduct unrelated to the practice of law can be grounds for discipline.  Fair enough in itself.  Certainly, an attorney convicted or murder or some other act moral turpitude may be discipline, despite the lack of anything inappropriate in his practice of law.  However, the State Bar does not even contend that there was any moral turpitude.

Member intends to show that this was not an attempt to hold a member to a higher standard, but an attempt to hold him to a lower standard, a standard which encourages prejudice.  In furtherance, of the State Bar's fervor, they prosecuted the Member inappropriately and arbitrarily.

The undersigned seeks a 90 day extension to prepare a full response. In the alternative, he requests a briefing schedule sufficient to allow his and potential amicus participation, and to allow him to collect sufficient documentation.

Comment re potential mootness. Member is eligible for reinstatement on July 23, 2014. It is probable that before a hearing could take place, that the Member will already have been reinstated. That is additional grounds for granting a continuance. The undersigned alerts the Court to this fact, in case the Court wants to address it as part of their order.

## DECLARATION BY INCORPATION

The undersigned incorporates the factual statements made above.

The undersigned signature below is presented both as a signature to the requests made herein, and as a declaration.

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true. Executed on the date indicated below in Los Angeles, California.

Dated: July 20, 2014

*/s/ Frederick T. Jelin*

_____
By Frederick T. Jelin
In Pro Per

DIS MATTER OF JELIN                              4                              RESPONSE